UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN VAN VO,<br><br>                Petitioner,<br><br>  v.<br><br>RON HAYNES,[1]<br><br>                Respondent. | CASE NO. 2:19-cv-00151-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Tan Van Vo seeks 28 U.S.C. § 2254 habeas relief from his convictions for assault in the second degree and burglary in the first degree. Dkt. 19, Ex. 1, Judgment and Sentence. Mr. Vo contends that the trial court's denial of his request to represent himself violated his Sixth Amendment right to self-representation.

The Court recommends DENYING the claim as Mr. Vo has failed to demonstrate that the state-court adjudication of his claims was contrary to, or an unreasonable application of, established federal law, or an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). The Court also recommends GRANTING a certificate of appealability.

---

[1] When Mr. Vo filed his amended petition, he was housed at the Stafford Creek Corrections Center. Ron Haynes, Superintendent of that prison, is now the proper Respondent.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

A.  Statement of Facts

On the day of trial, Mr. Vo asked to discharge his counsel or proceed pro se. Dkt. 17-2 at 7-14. The entirety of that exchange is repeated here:

> MR. BALES: Your Honor, we're back on the record on State of Washington versus Vo; again, cause number 16-1-03280-6, Seattle. Brad Bales, on behalf of the State of Washington.
>
> Mr. Sorenson is here on behalf of his client, who is now in custody and present in court.
>
> We've already introduced the interpreter on this matter, and the State is ready for trial; but I'll defer to counsel, with regard to the defendant's motion.
>
> MR. SORENSON: Your Honor, Mr. Vo is requesting to discharge counsel, and -- or proceed pro se. So, I would ask the Court to hear from him.
>
> THE COURT: What's going on, Mr. Vo?
>
> D: [Speaks Vietnamese.]
>
> INTERPRETER: I have been here for about seven months
>
> D: [Speaks Vietnamese.]
>
> INTERPRETER:  Every day, I was expecting to go to trial. But between my lawyer and I, I feel that there has no -- my lawyer didn't come to me, and share with me, and help me --
>
> D: [Speaks Vietnamese.]
>
> INTERPRETER:  -- the things that I don't understand clearly, when I go to trial.
>
> D: [Speaks Vietnamese.]
>
> INTERPRETER: All the paperwork is in English.
>
> D: [Speaks Vietnamese.]
>
> INTERPRETER:  I need my lawyer to bring the Vietnamese case advice to help me to read all the papers, so that I can have a better understanding; so that some day, when I go to trial, I can follow the case.

REPORT AND RECOMMENDATION - 2

1
2
3    THE COURT: All right.

Mr. Vo, have you met with Mr. Sorenson, and has he gone over the police reports with you?

4    INTERPRETER: [Speaks Vietnamese.]

5    D: [Speaks Vietnamese.]

6    INTERPRETER: There is no -- nothing -- testimony with the police. I just --

7    THE COURT: Just -- can you answer my question?

8    Has het [sic] met with you?

9    He's never met with you?

10   D: [Speaks Vietnamese.]

11   INTERPRETER: You mean my lawyer?

12   THE COURT: Yes.

13   D: [Speaks Vietnamese.]

14   INTERPRETER: Yes, he did come to see me.

15   THE COURT: Mr. Sorenson, have you gone over the discovery -- without going into any attorney-client privileged area of your meetings -- have you gone over
16   the discovery with Mr. Vo?

17   MR. SORENSON: I have.

18   THE COURT: Did you have an interpreter present?

19   INTERPRETER: I'm sorry; your Honor, I didn't hear that last part.

20   THE COURT: Did you have an interpreter present?

21   MR. SORENSON: I did.

22   THE COURT: All right. And the interpreter was able to review the discovery in Vietnamese?
23
     MR. SORENSON:   I can't speak to the –

REPORT AND RECOMMENDATION - 3

THE COURT:   I mean, not that you speak –

MR. SORENSON:   -- accuracy of the translation; but yes.

THE COURT:   All right.

So, this is -- you're going to trial today, Mr. Vo. The State's ready; Mr. Sorenson has explained to you what the police reports say, through the use of an interpreter. So, I'm not finding a legal basis to discharge him.

The motion is denied.

Now, insofar as representing yourself, have you ever studied law?

INTERPRETER: [Speaks Vietnamese.]

MR. VO: [Speaks Vietnamese.]

INTERPRETER:   Every time it goes to trial, I want to ask -- previously, I had an interpreter. And then, I told him or her that I need a lawyer so that I can file a form to ask for a different lawyer.

MR. VO: [Speaks Vietnamese.]

INTERPRETER: When I have before I go to trial today, I ask the lawyer to [inaudible] me. But, on the day of my trial, he presented to me -- I don't know what in here.

THE COURT: Mr. Vo, I denied your motion to discharge Mr. Sorenson.

I don't find a legal basis to discharge him.

He's still your lawyer if you want to be represented. But you don't get to choose, on the day of trial, another lawyer.

THE COURT: So, the next question is: do you want to represent yourself?

The case will not be continued; you will go downstairs immediately to start trial without the benefit of counsel.

You will be held to the same legal standard as a licensed, practicing attorney in the State of Washington.

INTERPRETER: Your Honor, can you repeat the last statement?

REPORT AND RECOMMENDATION - 4

1   THE COURT: You will be required to represent yourself like a licensed, practicing attorney in the State of Washington.

2   INTERPRETER: [Speaks Vietnamese.]

3   THE COURT: Do you want to represent yourself?

4   INTERPRETER: [Speaks Vietnamese.]

5   MR. VO: [Speaks Vietnamese.]

6   INTERPRETER: I want to represent myself. I don't know anything, but I want to represent myself. Between my lawyer and I, there is not—I don't know what else to say.

7   THE COURT: Okay. Other than the fact that you're claiming that he hasn't gone over the police reports with you in Vietnamese, or with an interpreter, is there any other reason why you want to fire him?

8   INTEPRETER: [Speaks Vietnamese.]

9   MR. VO: [Speaks Vietnamese.]

10  INTEPRETER: On the days that I go to trial, I told my lawyer to bring—

11  THE COURT: Mr. Vo, try to stay focused. You're going to trial today; either with an attorney, Mr. Sorenson or by yourself.

12  Which do you want to do? You're not going to get a different lawyer.

13  So, it's time to make a decision. We have a trial judge ready to start your case today.

14  MR. VO: [Speaks Vietnamese.]

15  INTERPRETER: Please [inaudible] I do not know. I just want to try by myself.

16  THE COURT: No, it's not a question of trying; once you do it, the door's closed. You're on your own.

17  You don't get to bring him back, you don't get standby counsel; you're all by yourself. You're held to the same standard as a practicing attorney.

18  Do you know anything about the law?

19  MR. VO: [Speaks Vietnamese.]

REPORT AND RECOMMENDATION - 5

> INTERPRETER: I just need to go to court to change a lawyer, or I can—I do not feel that my lawyers have been helping me at all.
>
> THE COURT: I'm not hearing a basis; it sounds like Mr. Sorenson has used the benefit of an interpreter to go over the police reports and explain to you what you're facing.
>
> You don't get to change lawyers on the day of your trial.
>
> So, I'm not hearing anything about going pro se.
>
> So the motion is denied; you're going to go to trial.
>
> INTEPRETER: [Speaks Vietnamese.]
>
> MR. VO: [Speaks Vietnamese.]
>
> THE COURT: You can report to your trial judge now. We're all done.
>
> After trial, Vo was convicted of assault in the second degree, burglary in the first degree, and misdemeanor harassment. Vo appeals.

Dkt. 17-2, at 10-15 (Copy of Transcript attached to Amended Petition); *see also*, Dkt. 19, Exh. 2, Opinion, Court of Appeals Cause No. 76407-1-I, at 1-3 (including verbatim transcript regarding motion to proceed pro se).

B.    State Court Procedural History

There is no dispute that Mr. Vo properly exhausted his available state court remedies as to his single ground for habeas relief. *See* Dkt. 17, at 9-14; Dkt. 18 at 4. Thus, the procedural history is not repeated here.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

REPORT AND RECOMMENDATION - 6

state court. *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Mr. Vo's sole habeas claim under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975), is a transcript-based claim relying exclusively on the record that was developed in state court and therefore it presents a legal question only and may be resolved by a review of the state-court record. *Id.*; *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998); *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc). This Court need not conduct an evidentiary hearing.

## DISCUSSION

Mr. Vo contends that he was clear in his statements to the trial court that he wanted to represent himself and, to the extent his statements were ambiguous, it was incumbent on the trial court to resolve any ambiguity, particularly given the fact that Mr. Vo is not a native English speaker and was communicating through an interpreter. The government argues that the Washington courts reasonably determined Mr. Vo did not make an unequivocal request for self-representation.

The Court must deny Mr. Vo's habeas petition unless the decision of the Washington Court of Appeals "(1) ... was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

REPORT AND RECOMMENDATION - 7

Under the Sixth Amendment, a defendant has a constitutional right to represent himself so long as he chooses to do so knowingly and intelligently. *Faretta*, 422 U.S. at 807. The improper denial of a valid request to proceed *pro se* is a per se prejudicial error and requires automatic reversal of a criminal conviction. *United States v. Arlt*, 41 F.3d 516, 524 (9th Cir. 1994). To be valid however, the defendant's request must be both unequivocal and timely, not for purposes of delay. *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (citing *Arlt*, 41 F.3d at 519).

The relevant factors in determining whether a request is equivocal are: the timing of the request, the manner in which it is made, and whether the defendant repeatedly makes the request. Requests that are emotional outbursts, in response for example to the judge's denial of the defendant's request for new counsel, have been deemed equivocal. *Jackson v. Ylst*, 921 F.2d 882 (9th Cir. 1990). In contrast, requests have been deemed unequivocal in instances where the defendant repeatedly requested appointment of new counsel, or in the alternative to represent himself, but the request was not was "a momentary caprice or the result of thinking out loud." *Adams v. Carroll*, 875 F.2d 1441, 1442-43 (9th Cir. 2014); *United States v. Hernandez*, 203 F.3d 614 (9th Cir. 2000), *Arlt*, 41 F.3d 516.

A defendant's failure to renew his request after the judge denied it does not necessarily show equivocation if the failure to renew the request was a reasonable response to the judge's "firm denial." *Hernandez*, 203 F.3d at 622-23. Nonetheless, there may be some instances in which the failure to renew a request supports the conclusion that the request was equivocal. *Id.*; *see Jackson*, 921 F.2d at 888-89.

Whether a defendant unequivocally requested self-representation is a question of fact. *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir.1994). The trial court's

REPORT AND RECOMMENDATION - 8

determination of the factual issue is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Washington Court of Appeals rejected Mr. Vo's claim that his self-representation request was unequivocal:

> The Washington Constitution and the federal constitution provide criminal defendants the right of self-representation. [court's footnote 1. WASH. CONST. art. I, § 22; *Faretta v. California*, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975).] But this right is not absolute or self-executing. [footnote omitted] The trial court must first determine whether a defendant's request is unequivocal and timely. [footnote omitted] If a defendant makes a timely and unequivocal request for self-representation, then the trial court must determine whether the request is voluntary, knowing, and intelligent. [footnote omitted] The court "must indulge in 'every reasonable presumption against a defendant's waiver of his or her right to counsel.'" [footnote omitted]
>
> This court reviews a trial court's decision on a self-representation request for an abuse of discretion. [footnote omitted] Because the analysis of a defendant's waiver of counsel is fact specific, the trial court is in the best position to make the determination. [footnote omitted] Therefore, an appellate court will reverse the trial court's decision only if it is "'manifestly unreasonable,' relies on unsupported facts, or applies an incorrect legal standard." [footnote omitted]
>
> Vo contends the trial court abused its discretion when it decided his request to proceed pro se was equivocal. A request to self-represent must be unequivocal to protect the defendant from making an impulsive waiver of counsel and to protect trial courts from manipulative vacillations by defendants about representation. [court's footnote 9. *State v. Stenson*, 132 Wn.2d 668, 740, 940 P.2d 1239 (1997).] "While a request to proceed pro se as an alternative to substitution of new counsel does not necessarily make the request equivocal, such a request may be an indication to the trial court, in light of the whole record, that the request is not unequivocal." [court's footnote 10. *Stenson*, 132 Wn.2d at 740. (citation omitted).]
>
> Vo unsuccessfully tries to distinguish his case from *State v. Stenson*. [court's footnote 11. 132 Wn.2d 668, 940 P.2d 1239 (1997).] There, Stenson filed a written request for new counsel, [court's footnote 12. *Stenson*, 132 Wn.2d at 733.] which the trial court denied. Stenson then asked to represent himself. [court's footnote 13. *Stenson*, 132 Wn.2d at 739-40.] The trial court also denied this request and found that Stenson "'really [did] not want to proceed without counsel.'" [court's footnote 14. *Stenson*, 132 Wn.2d at 742 (alteration in original).] Similarly, here, the trial court denied Vo's request for new counsel, after which he asked to proceed pro se. After further discussion between the trial judge and Vo, Vo renewed his request for new counsel. The judge responded, "So, I'm not hearing anything about going pro se." As in *Stenson*, Vo did not

REPORT AND RECOMMENDATION - 9

counter the trial court's conclusion that his request was ambivalent. Because the record shows Vo equivocated about his request for self-representation, we affirm the trial court's decision.

Vo also contends that the trial court did not determine that his request to proceed pro se was untimely. [footnote omitted] But because the trial court denied his motion after finding his request equivocal, timeliness is not at issue. [footnote omitted] So we do not reach it.

Finally, Vo contends that the trial court did not conduct a proper colloquy and thus we must treat his request as knowing, voluntary, and intelligent. But because the trial court found his request to be equivocal, we do not need to decide whether the request was knowing, voluntary, and intelligent. [footnote omitted]

Dkt. 19, Exhibit 2, at 16-20.[2]

Under the first test of Section 2254(d), the decision of the Washington Court of Appeals was not contrary to any principle of law clearly established by Supreme Court precedent, nor did it involve an unreasonable application of any such principle. The tension between the clearly established right to counsel, *Iowa v. Tovar*, 541 U.S. 77, 80–81, 124 S.Ct. 1379 (2004), and the clearly established right to self-representation, set forth in *Faretta*, necessarily affords state courts broad leeway under habeas review in the area between the two rights. *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1449–51 (2013) (per curiam). The approach taken by the Washington Court of Appeals in Mr. Vo's case, *i.e.*, to honor unequivocal requests for self-representation while drawing every inference against a waiver of the right to counsel, was not error.

Under the second test of Section 2254(d), the undersigned concludes that the decision of the Washington Court of Appeals was not based on an unreasonable determination of the facts presented in state court.

---

[2] CM/ECF numbering.

REPORT AND RECOMMENDATION - 10

Mr. Vo argues his request was unequivocal because he stated three times, "without any hesitation or caveats" that he wanted to represent himself: "I want to represent myself. I don't know anything, but I want to represent myself. . . . [Please [inaudible] I do not know.] I just want to try by myself." Dkt. 15-1 at 6-7, 9-14, Dkt. 15-2 at 12-15. He also argues that the trial judge did not deny his request because it was unclear but rather, because the trial judge (or interpreter) misunderstood what Mr. Vo was trying to say. Dkt. 20 at 3 ("Due to the court's inability to understand him, his inability to understand the court, the interpreter's inability to convey the parties' meanings to one another, or some combination of the three, the court failed to understand Mr. Vo.") For example, when Mr. Vo said, "I just want to try by myself", the Court incorrectly interpreted this to mean that he wanted to *try* to represent himself rather than that he wanted to take his case to trial on his own. *Id.*

Despite any language barrier, the trial judge understood and acknowledged Mr. Vo's self-representation request and engaged in further dialogue with Mr. Vo before deciding that the request was not unequivocal. The Washington Court of Appeals agreed that Mr. Vo had not unequivocally waived his right to counsel because (1) his self-representation requests were made only after his motion for new counsel was denied; (2) after further discussion with the trial judge, Mr. Vo renewed his motion for new counsel; and (3) after the judge stated, "So, I'm not hearing anything about going pro se," Mr. Vo did not respond or renew his motion to represent himself.

Once asserted, a "defendant can waive his *Faretta* rights." *McKaskle v. Wiggins*, 465 U.S. 168, 182, 104 S.Ct. 944 (1984). "Even if a defendant [asks] to represent himself ..., the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982); *see also McKaskle*, 465 U.S. at 182 ("A defendant's invitation to counsel to participate in

the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense."). In fact, "where circumstances indicate that the defendant has changed his ... mind about self-representation[,]" there is no requirement "that [he] ... be cautioned or addressed personally before receiving the assistance of counsel." *Sandoval v. Calderon*, 241 F.3d 765, 774–75 (9th Cir. 2000).

A defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself. *Adams*, 875 F.2d at 1444 (9th Cir.1989). This requirement protects against two unacceptable occurrences: an inadvertent waiver of the right to counsel by a defendant's "occasional musings on the benefits of self-representation" and manipulation by the defendant of the mutually exclusive rights to counsel and self-representation. *Id*. For example, in *Adams*, even though the defendant's two self-representation requests "were sandwiched around a request for counsel," the requests stemmed from one consistent position – a repeated desire to represent himself if the only alternative was representation by his appointed lawyer. *Id.* at 1444-45. And in *U.S. v. Hernandez*, 203 F.3d 614, 621-22 (9th Cir. 2000), *abrogated on other grounds as stated in United States v. Ferguso*n, 560 F.3d 1060, 1068 n. 4 (9th Cir. 2009), even though the defendant's self-representation request was conditional, the judge acknowledged the unambiguous nature of his request ("if you can't change [my attorney], I'd like to represent myself, with an interpreter"), by engaging in a dialogue to determine whether the request was voluntary and intelligent. The Ninth Circuit described Hernandez's request to be "an explicit choice between exercising the right to counsel and the right to self-representation," allowing the court to be reasonably certain that Hernandez wished to represent himself. *Id*. at 621 (citing *Arlt*, 41 F.3d at 519 (internal quotation marks omitted)).

REPORT AND RECOMMENDATION - 12

Similarly, Mr. Vo's self-representation request was conditional, *i.e.*, he asked to represent himself only after the court denied his request for new counsel. The Washington Court of Appeals acknowledged that this alone is not evidence that the request was equivocal, "[w]hile a request to proceed pro se as an alternative to substitution of new counsel does not necessarily make the request equivocal, such a request may be an indication to the trial court, in light of the whole record, that the request is not unequivocal." Dkt. 19, Exh. 2, at 18-19, n.10 (citing *Stenson*, 132 Wn.2d at 740 (citation omitted)). The Washington Court of Appeals noted further however, that not only was Mr. Vo's self-representation request conditional, it was not explicit or consistent because after further discussion with the judge, Mr. Vo renewed his request for new counsel, but did not renew his request to proceed pro se. ("The judge responded, 'So, I'm not hearing anything about going pro se.' As in *Stenson*, Vo did not counter the trial court's conclusion that his request was ambivalent.") *Id.*, at 19. In *Stenson*, the defendant said he wished to represent himself, but he also said he felt forced to do so by the denial of substitute counsel. The judge concluded that Stenson did not want self-representation, and the Washington Supreme Court affirmed. The Ninth Circuit held the state court decision was not unreasonable. *See Jackson*, 921 F.2d at 833-34 (9th Cir. 1990). In *Jackson*, the Ninth Circuit found that Jackson's comments did not demonstrate unequivocally that he desired to represent himself but rather, that they were an impulsive response to the trial court's denial of his request for substitute counsel and Jackson did not subsequently object to the presence of appointed counsel or renew the request for self-representation. Similarly, Mr. Vo did not contest the judge's conclusion that he no longer wished to proceed pro se and Mr. Vo did not again request self-representation either before that judge or the judge conducting the bench trial. Dkt. 15-2, at 15-39.

Mr. Vo also contends that the trial court did not conduct a proper colloquy and therefore his request should be treated as knowing, voluntary, and intelligent. Although "courts must indulge every reasonable presumption" against a waiver of counsel, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), once a defendant "clearly and unequivocally" declares a desire to represent himself, the trial court must conduct a colloquy with the accused to determine he "knowingly and intelligently" forgoes the substantial benefits of counsel and is made "aware of the dangers and disadvantages of self-representation," so that he makes his choice with his eyes open. *Faretta*, 522 U.S. at 835. However, personal dialogue between the trial court and defendant is not required where circumstances indicate that the defendant has changed his mind about self-representation. *See Sandoval*, 241 F.3d at 766. Thus, the Washington Court of Appeals did not err in concluding that it did not need to decide whether Mr. Vo's request was knowing, voluntary, and intelligent because the trial court found his request to be equivocal.

Mr. Vo also contends the trial court erred when it failed to determine that his request to proceed pro se was untimely. In this district, a demand for self-representation has been found to be timely if made prior to jury selection. *See Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir.1997); *Maxwell v. Sumner*, 673 F.2d 1031, 1036 (9th Cir.1982). Mr. Vo made his motions for new counsel and to proceed pro se on the day before trial (although there is evidence that he raised his desire for a different lawyer on earlier occasions). Dkt. 17-2, at 6. ("Every time it goes to trial . . . previously, I had an interpreter. And then, I told him or her that I need a lawyer so that I can file a form to ask for a different lawyer.")). However, because the trial court denied his motion to proceed pro se after finding his request was not unequivocal, timeliness was not at issue. *See e.g. Stenson*, 504 F.3d at 739 (it was not necessary to resolve the issue of timeliness because the self-representation was not unequivocal). Thus, the Washington Court of Appeals

REPORT AND RECOMMENDATION - 14

did not err in not reaching the timeliness issue.

## CONCLUSION

Mr. Vo has failed to demonstrate that the Washington Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, it is recommended that his request for relief under 28 U.S.C. § 2254(d) be denied.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Vo-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Vo be issued a COA as a jurist of reason could disagree with this Court's evaluation of Mr. Vo's *Faretta* claim or could conclude that the issue presented deserves encouragement to proceed further, *i.e.*, whether Mr. Vo was clear in his statements to the trial court that he wanted to represent himself and, to the extent his statements were ambiguous because he is not a native English speaker and was communicating through an interpreter, whether it was incumbent on the trial court to resolve the ambiguity.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 21, 2019.** The Clerk should note the matter for **November 25, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of November, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 16